IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19CV51

| | | |
|---|---|---|
| AAPCO SOUTHEAST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EB SOMERSET, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Defendant's Motion for Summary Judgment. The motion is fully briefed and ripe for disposition.

**FACTUAL BACKGROUND**

This matter involves a dispute over construction work performed by Plaintiff and general contractor AAPCO Southeast, Inc. at an apartment complex located in Charlotte, North Carolina ("the Property"). Defendant EB Somerset, LP owns the Property. On December 31, 2018, Plaintiff filed this action in Mecklenburg County Superior Court seeking damages for breach of contract and to foreclose on its purported lien. Defendant timely removed this case to this Court on the basis of diversity jurisdiction. The Complaint alleges that Defendant did not pay Plaintiff all that it was due for the work it performed under the construction contract.

On October 31, 2017, Defendant executed the construction contract at issue with "AAPCO Group" and Richard "Stan" Dobner who purportedly signed on behalf of that entity. Mr. Dobner is the president of the Plaintiff, AAPCO Southeast, Inc. "AAPCO Group" is identified as "Contractor" throughout the construction contract.

1

Plaintiff purportedly first worked on the Property in December of 2017. By the summer of 2018, Plaintiff installed straight stairs even though the construction contract called for curved stairs, allegedly with the consent of the owner's agent, but without any written change order as required by the construction contract. Accordingly, a dispute arose when Plaintiff demanded payment for the work which Defendant allegedly never approved.[1] On August 27, 2018, Plaintiff filed a claim of lien on real property for what it alleges it is due.

**DISCUSSION**

Summary Judgment is only appropriate where there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A fact is material if it will affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id*. The moving party bears the burden of coming forward with proof of the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

Defendant argues that there is no enforceable contract with the Plaintiff and the Plaintiff lacks standing to sue because its legal name does not appear on the contract.[2] Defendant cites

---

[1] Defendant's agent at the time denies that he approved the change.
[2] Moreover, Plaintiff cannot assert a lien claim with no enforceable contract. *See Water's Edge Builders, LLC v. Longa*, 715 S.E.2d 193, 196 (N.C. Ct. App. 2011) ("To establish a valid claim of lien under § 44A-8, an enforceable contract must exist between the parties.").

Plaintiff's 30(b)(6) corporate representative (who was Mr. Dobner), who admits that it appears that the contract is between Defendant and AAPCO Group, not Plaintiff. (*See* Doc. No. 12-2, pp. 21:5-16, 42: 13-18, and 101:15-18).

Plaintiff argues that Defendant was fully aware that it was entering into a contract with the Plaintiff. It contends that the "AAPCO Group" logo is used as a marketing name for the company, and that the contract contained that name in error. Plaintiff points to the bid proposal,[3] the pay applications,[4] the change orders,[5] and the lien waivers,[6] all of which reference the Plaintiff. Most importantly, Defendant made payment by check to "AAPCO Southeast, Inc." (Doc. No. 13-3, pp. 4, 8).

Viewing the evidence and inferences from the evidence in the light most favorable to the Plaintiff, the Court finds that a genuine issue of material fact exists as to whether a contract was entered into between Defendant and Plaintiff.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby DENIED.

Signed: August 22, 2019

Graham C. Mullen
United States District Judge

---

[3] The bid proposal states that "All correspondence, contracts and payments are to be in the name AAPCO Southeast, Inc." (Doc. No. 13-1, p. 6).
[4] The pay applications were made to "EB Somerset LP" from "AAPCO Southeast, Inc." (Doc. No. 13-3).
[5] Doc. No. 13-4.
[6] Doc. No. 13-3.